IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| MICHAEL LEE BROOKWALTER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.   14-CV-2288 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**
**PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

NOW COMES the United States of America, by James A. Lewis, United States Attorney for the Central District of Illinois, and Elly M. Peirson, Assistant United States Attorney, and requests that this Court dismiss *pro se* petitioner Michael Lee Brookwalter's motion under 28 U.S.C. § 2255 ("petition") to vacate, set aside or correct his sentence, since the motion was waived by the defendant pursuant his plea agreement.[1]   In support of its motion, the United States avers as follows:

**PROCEDURAL HISTORY**

On February 7, 2013, Michael Lee Brookwalter, was indicted by a federal grand jury for the offenses of: Count One, Sexual Exploitation of a Minor, in violation of 18

---

[1]Based on his waiver in the plea agreement, the United States moves to dismiss this petition.   Further, the United States requests that the Court stay the substantive response addressing the merits of the petitioner until the Court rules on this motion to dismiss.

U.S.C. § 2251(a) and (e); and Count Two, Enticement of a Minor, in violation of 18 U.S.C. § 2242(b). 13-CR-20015.[2] (R. 4,5)

On January 14, 2014, the defendant appeared before Magistrate Judge David G. Bernthal for a change of plea hearing and pled guilty to both counts of the Indictment, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (R.17, 18, 19)

On May 15, 2014, the Petitioner received the benefit of his bargain with the United States. The United States District Judge Michael P. McCuskey sentenced the defendant to 210 months in the Bureau of Prisons on Count One and Two, to be served concurrently. (R. 28, 29, docket entry May 15, 2014)

Petitioner did not appeal his conviction and sentence. Therefore, his judgment became final on May 25, 2014.

On November 24, 2014, petitioner Michael Lee Brookwalter timely filed a motion pursuant to 28 U.S.C. §2255, to vacate, set aside or correct his sentence. The petitioner asserted eight claims, and the Court has instructed the government to respond to petitioner's claims by December 25, 2014.

## ARGUMENT

The petitioner pled guilty to the indictment pursuant to a written plea agreement and with the assistance his counsel, Elisabeth R. Pollock. In exchange for the

---

[2]References to the documents in the record of case number 13-CR-20015 are to the docket number on the District Court's docket sheet, e.g., "R.__"; references to the Plea Agreement in case number 13-CR-20015 are to "Plea ¶__"; references to docket entries in Case No. 09-CR-30036 are to "docket entry [date]."

concessions made by the United States in the agreement, the petitioner waived his right to collaterally attack his sentence:

> The defendant also understands that he has a right to attack his conviction or sentence collaterally on the grounds that the Constitution or laws of the United States were violated, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the conviction or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.
>
> Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

(R.19, Plea ¶27-28)

In the Seventh Circuit, a waiver in a plea agreement of a right to file a motion under 28 U.S.C. § 2255 is enforceable as a general rule. *Jordan v. United States,* 2008 WL 1722190, *2 (C.D. Ill., 2008); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). The Seventh Circuit has

"never been reluctant to hold criminal defendants to their promises." *Roberts v. United States*, 429 F.3d 723, 723 (7th Cir. 2005) (dismissing Section 2255 proceeding based on waiver in plea agreement). The only claims that survive a § 2255 waiver are claims that: (1) the waiver itself was not knowingly and voluntarily made; or (2) defense counsel provided ineffective assistance in connection with negotiating the waiver itself. *Mason,* 211 F.3d at 1069; *Jones,* 167 F.3d at 1145.

The record shows that the defendant received counsel and voluntarily agreed to the waiver in order to receive the benefit of his plea:

> The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.

(R. 19, Plea ¶ 29)

The defendant acknowledged, both in the plea agreement and under oath in open court, that he was "satisfied with the legal services provided by [his] attorney in connection with this case, this Plea Agreement and matters related to it," that he "fully understood" this agreement and accepted and agreed to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack," and that he entered into the plea "agreement voluntarily and of [his]

own free will in order to gain the benefit of the promises made by the United States." (R. 19, ¶37)   Voluntary responses made by a defendant when entering a guilty plea are binding and entitled to a presumption of verity and such representations made by the defendant under oath are entitled to presumption of correctness. *See, United States v. Chapa,* 602 F.3d 865, 869 (7th Cir. 2012); *United States v. Martinez,* 169 F.3d 1049, 1054 (7th Cir. 1999); *United States v. Price,* 988 F.3d 712, 717 (7th Cir. 1993).

   The Court can examine the content and the language of the plea agreement and the plea colloquy between the defendant and the Court. *United States v. Jackson*, 2011 WL 3163172, 5 (N.D. Ind. 2011), citing *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997); see also *United States v. Sura*, 511 F.3d 654, 661 (7th Cir. 2007) (observing that the district court must inform the defendant of an appellate waiver during the Rule 11 colloquy).   When a sentencing court engages a defendant in a detailed colloquy pursuant to Federal Rule of Criminal Procedure 11 and discusses with a defendant his rights and the consequences of his guilty plea, the testimony of the defendant at that hearing is accorded a "presumption of verity." *Jackson* at 5., *citing United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987).   "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary," *Id*. quoting, *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir. 2002), and courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver, *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).

The defendant has not challenged the validity of the waivers or shown that the waivers were not knowingly and voluntarily made. Instead the record shows that throughout the written Plea Agreement, which the defendant signed, and throughout the plea colloquy, the defendant expressed his understanding of his rights and the various waivers contained in the agreement, including the Waiver of Right to Collateral Attack. (*See* R. 19, ¶ 27-29). Considering the Plea Agreement and the change of plea hearing, the Court should conclude that the Plea Agreement and the waivers were knowingly and voluntarily made and therefore the waiver to attack his conviction and sentence collaterally should be enforced.[3]

The petitioner does not claim that the waiver itself was not knowingly and voluntarily made, or that defense counsel provided ineffective assistance in connection with negotiating the waiver itself. Therefore in light of the waiver in the plea agreement, the §2255 motion should be dismissed by the Court.

---

[3] Recently the media has reported that the Justice Department will no longer ask criminal defendants who plead guilty to waive their right to claim that their attorney was ineffective. Only one of the defendant's eight claims for relief argues that his attorneys were ineffective. (Claim Four) As of October 14, 2014, it is the Department of Justice's policy to no longer seek a waiver that the defense attorney was ineffective in plea agreements. It is also the Department of Justice's position that that federal courts have uniformly held a defendant may generally waive ineffective assistance claims, and that these waivers are both legal and ethical. Nor does the change in Department policy confer any rights on the defendant, therefore the law on the subject is what controls.

WHEREFORE, the United States of America respectfully requests that this Court dismiss the petitioner's motion pursuant to 28 U.S.C. § 2255 and enforce the petitioner's waiver of his right to collaterally attack his sentence.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

s/Elly M. Peirson
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
Fax:    (217) 373-5891
elly.peirson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Michael Lee Brookwalter
>Reg. No. 37503-298
>POLLOCK FCI
>P O Box 4050
>Pollock, LA 71467-4050

*s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
Fax:   (217) 373-5891
elly.peirson@usdoj.gov